**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.C.,**

**No. 22-0446** (Summers County 21-JA-42)

## MEMORANDUM DECISION

Petitioner Mother T.H.[1] appeals the Circuit Court of Summers County's May 12, 2022, order terminating her parental rights to C.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September of 2021, after petitioner gave birth to C.C., the DHHR filed a petition against her alleging aggravated circumstances. Petitioner's parental rights to other children were involuntarily terminated in 2018 and 2019, respectively, because of her substance abuse. Because C.C. was not born drug-exposed, the DHHR allowed petitioner to obtain physical custody of the child. However, when the DHHR learned that petitioner never returned to the hospital to get the child, it amended the petition to include that petitioner abandoned the infant at the hospital and noted that, in the two prior cases, petitioner had also abandoned her two other infants at the hospital.

The court held an adjudicatory hearing in February of 2022, wherein petitioner stipulated to the allegations contained in the petition and moved for a post-adjudicatory improvement period. The court accepted petitioner's stipulation and adjudicated her as an abusing parent but denied her motion for an improvement period finding that petitioner had only very recently entered a drug rehabilitation program.

During the May of 2022 final dispositional hearing, the court took judicial notice of the prior cases terminating petitioner's parental rights due to her inability to address her substance

---

[1]Petitioner appears by counsel John C. Anderson II. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Amy L. Mann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

abuse. The DHHR moved for the termination of petitioner's parental rights based on her substantial history of substance abuse and inability to address her addiction with interventions and assistance. The DHHR asserted that petitioner did not contact its worker for the first four months of the proceedings. The DHHR presented evidence that the father had relinquished his parental rights to C.C.'s sibling in the 2019 case and that he had been incarcerated for a probation violation during the proceedings. The DHHR also presented evidence that petitioner had not had any contact with C.C., who had since bonded with a biological sibling in the current foster home, and that the child's permanency plan was adoption by the same foster family. Petitioner testified that she had been in drug treatment since January of 2022 and that the program would last for nine-to-twelve months. Petitioner explained that she had not addressed her drug addiction in the two prior cases because she "couldn't do things right then" and that she was still attempting to get her "life in order." She stated that she planned to remain in a relationship with the father and that she had no employment or stable housing.

Ultimately, the circuit court concluded that petitioner's two prior involuntary terminations of her parental rights constituted aggravated circumstances and that the DHHR was relieved of its duty to make reasonable efforts to preserve the family. The court found that petitioner had a substantial history of substance abuse that she had failed to address with interventions and that she has a "long road" to recovery with no employment, no stable housing, and no means to otherwise provide the necessities for the infant C.C. The court noted C.C.'s young age and that he deserved to achieve permanency as quickly as possible. The court found that because there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future, termination was necessary for the child's welfare and that termination was in the child's best interests. Based upon these findings, the court terminated petitioner's parental rights by its May 12, 2022, order, which petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could substantially correct the conditions of neglect or abuse in the near future. In support, she cites her testimony at the dispositional hearing that she was enrolled in long-term inpatient drug rehabilitation; that she was willing to remain in the facility as a term of her improvement period, if one were granted; and that she had not had contact with the child because the DHHR had not permitted contact.

To begin, petitioner's argument that she would remain enrolled in long-term inpatient drug rehabilitation is purely speculative, and the court, while commending petitioner's enrollment in drug treatment, acknowledged that it was unknown whether petitioner would remain in treatment. This Court has held that

> "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously

---

[3]The father's parental rights were also terminated, and the permanency plan for the child is adoption by his foster family.

threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The court considered petitioner's two prior recent cases wherein her parental rights were terminated due to her substance abuse; petitioner's four-month delay in seeking drug treatment or otherwise participating in the proceedings; and petitioner's "long road" ahead to fully address her addiction, her lack of housing, and lack of employment or other means to care and provide for the child. The court also noted petitioner's poor judgment in remaining in a relationship with the father who remained incarcerated for a probation violation and was only very recently admitted into a drug treatment facility prior to the dispositional hearing. The circuit court observed that "the best interests of the child is the polar star by which decisions must be made which affect children" and found that it was not in young C.C.'s best interest to wait and see if petitioner could eventually correct the conditions of abuse and neglect. *Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989).

Because the circuit court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected"). Indeed, petitioner's inability to properly parent and provide the necessities for a newborn child continued, across three separate abuse and neglect proceedings, due to her substance abuse. Further, petitioner abandoned each of the children at the hospital as newborns. As such, the evidence overwhelmingly supported the circuit court's findings regarding termination.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn